Mr. David Eberdt Director, Arkansas Crime Information Center One Capitol Mall Little Rock, AR 72201
Dear Mr. Eberdt:
This is in response to your request for an opinion on three questions concerning the collection and dissemination of information on juveniles. Specifically, your three questions are as follows:
 1.May fingerprint cards on arrested juveniles be received and kept by the Arkansas State Police Identification Bureau?
 2.May arrest and disposition information on juveniles be entered and maintained in the ACIC [Arkansas Crime Information Center] system?
 3.May such compiled criminal history records on juveniles be disseminated by ACIC under A.C.A. §§ 12-12-207 and 12-12-211?
It is my opinion that the answer to your first question is generally "yes." Fingerprint cards on arrested juveniles may be received and kept by the Arkansas State Police Identification Bureau. It is my opinion that the answer to your second question is "yes" in some cases, and "no" in others, and the answer to your third question is "yes" to the extent authorized in response to question 2.
In response to your first question, A.C.A. § 12-12-101 states:
 (a) It shall be the duty of all law enforcement agencies to fingerprint all individuals arrested for:
(1) All felony offenses;
 (2) All Class A misdemeanor offenses wherein violence or the use of a weapon was involved;
 (3) All offenses involving the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.
 (b) It shall also be the duty of all law enforcement agencies to submit such fingerprints to the state identification bureau within forty-eight (48) hours after taking the prints on forms approved by the state identification bureau.
However, A.C.A. § 9-27-320 states:
 (a) A juvenile shall not be photographed or fingerprinted under this subchapter by any law enforcement agency unless he has been taken into custody on an allegation of delinquency.
 (b) Copies of a juvenile's fingerprints or photograph shall be made available only to other law enforcement agencies and to the juvenile court.
 (c) Each law enforcement agency in the state shall keep a separate file of photographs and fingerprints, it being the intention that such photographs and fingerprints of juveniles not be kept in the same file with those of adults.
Copies of fingerprint cards on juveniles then are to be made available only to other law enforcement agencies.
Although "law enforcement agency" is not defined by either statute or case law in Arkansas, the term has been interpreted judicially elsewhere. In Mounts v. Chafin, No. 20017 (W.Va. S. Ct, Nov. 15, 1991), "law enforcement agency" was defined as "any duly authorized state, county or municipal organization employing one or more persons whose responsibility is the enforcement of laws of the state or any county or municipality thereof."
The state Bureau of Identification and Information is set up to be maintained by the Department of Arkansas State Police (A.C.A. § 12-8-112) and, in all likelihood, is therefore a law enforcement agency to which fingerprint cards of juveniles taken into custody on allegations of delinquency might be made available.
In response to your second question, A.C.A. §§ 12-12-201 —12-12-214 sets out the authority of the ACIC to accumulate and distribute information making up the Arkansas Crime Information System. A.C.A. § 12-12-203(a)(2) provides that information obtained by the ACIC shall be restricted to the items specified, and that the ACIC administer the center so as not to accumulate any information or distribute any information that is not specifically approved.
Ark. Code Ann. §§ 12-12-207(c) — (e) states:
 (c) The information to be stored in the Arkansas Crime Information Center under the authority of this subchapter shall be restricted to records of outstanding warrants for arrest, felony informations, and indictments pending in circuit courts; misdemeanor informations and indictments to the extent provided in this section pending in municipal and circuit courts; commitments to the penitentiary and other correctional agencies; felony convictions; persons on felony parole or probation; stolen property; moving traffic violations; traffic accidents; drivers' licenses; vehicle registration; records to prevent misidentification of persons; Class A, Class B, and unclassified misdemeanor criminal records; and convictions for the following specified misdemeanors:
 (1) All misdemeanor crimes wherein violence is an element of the offense;
 (2) All misdemeanor crimes involving the theft of property;
 (3) All misdemeanor crimes involving the use, abuse, misuse, or possession of dangerous drugs or narcotics;
 (4) Driving while under the influence of drugs or intoxicants.
 (d) In addition, the center shall collect and maintain in accordance with the procedures established by this subchapter, the following information:
(1) Records of missing persons;
(2) Felony arrest information; and
 (3) Misdemeanor arrest information to the extent authorized in this subchapter.
 (e) It is the intent of the General Assembly in this legislation that the center shall maintain only the specified records on persons and not maintain any additional records on persons without specific statutory authorization from the General Assembly.
The General Assembly has specifically set out in this section that only those certain enumerated categories of information are to be maintained by the ACIC. The statute allows maintenance of several types of information of criminal cases pending in circuit and municipal court; allows the maintenance of records regarding convictions of felonies and misdemeanors, felony parole and probation records, and other enumerated items. To the extent that a juvenile has a pending misdemeanor or felony charge or conviction, or otherwise falls within the terms of the statute, the ACIC is authorized to maintain information surrounding that juvenile. It must be recognized, however, that the statute set out above would not generally authorize the ACIC to maintain records of "delinquent juveniles" and cases pending in juvenile court because the statute speaks in terms of felonies and misdemeanors, and circuit and municipal courts. Juveniles, unless charged as adults, are not charged or convicted of these crimes, and are not adjudicated in circuit or municipal court. Legislative action would thus appear necessary prior to the ACIC maintaining information on juveniles appearing solely in juvenile court.[1]
The foregoing response to your second question renders a similar answer to your third question. The ACIC is authorized to disseminate arrest and disposition information on juveniles only to the extent discussed in response to question 2 above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] It should also be noted that to the extent your question addresses the maintenance of fingerprint cards of juveniles, it is my opinion that such cards on juveniles in juvenile court may not be maintained by ACIC because, technically, ACIC is not a law enforcement agency for purposes of § 9-27-320. The ACIC is not under the authority of the Arkansas State Police, but is set up under the supervision of a supervisory board (A.C.A. §12-12-201(a)). Its primary purpose is not the enforcement of laws but rather to act as an information gathering agency (A.C.A. §12-12-207). Thus, while the Identification Bureau may legally keep fingerprint cards of juveniles taken into custody on allegations of delinquency, it is my opinion that the Bureau is without statutory authority to relapse copies of those cards to the ACIC. To accomplish this goal would take legislative clarification of the laws pertaining to release of such information. Note also that according to § 9-27-320(c) any fingerprint cards maintained by the Identification Bureau must be kept in files separate from those of adults.